UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

UNITED STATES OF AMERICA,

-v-

FELIX LOPEZ-CABRERA,

Defendant.

11 Cr. 1032-14 (PAE),
21 Civ. 7804 (PAE)

OPINION & ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

This order resolves, and denies, a *pro se* petition by defendant Felix Lopez-Cabrera for relief pursuant to 28 U.S.C. § 2255. Dkt. 2637 ("Petition").[1]

Lopez-Cabrera was a leader within the Bronx Trinitarios Gang (the "BTG"), a violent gang that from 2003 to 2011 dominated and terrorized a portion of the northwest Bronx and whose conduct was characterized by senseless and brutal retaliatory violence against real or perceived rivals. The prosecution brought under docket number 11 Cr. 1032 (PAE) came to cover 81 gang members and affiliates, who collectively committed approximately a dozen murders and countless stabbings, beatings, and other acts of violence, while selling a formidable array of drugs, including heroin, crack, and powder cocaine, in an open-air drug market.

Lopez-Cabrera, at least measured by the number of murders committed, was perhaps the most violent of all. Along with two codefendants, he stood trial for 12 weeks in the fall of 2014. In a verdict returned on December 3, 2014, the jury convicted him of 17 counts, including four counts of murder in aid of racketeering, each involving a separate retaliatory murder committed

---

[1] The Court is docketing this motion in both Lopez-Cabrera's criminal case, 11 Cr. 1032-14 (PAE), and his civil case, 21 Civ. 7804 (PAE), opened upon his filing of the § 2255 petition. Docket citations here, unless otherwise indicated, are to the criminal case.

on behalf of the BTG in which Lopez-Cabrera either had been the shooter or played a central role. Other counts of conviction included racketeering, conspiracy to participate in a racketeering enterprise, assault and attempted murder in aid of racketeering, conspiracy to distribute and possess within intent to distribute narcotics, five counts of discharging a firearm in furtherance of a crime of violence, and discharging a firearm in furtherance of a drug-trafficking crime. See Presentence Report ("PSR") ¶¶ 1–31, 34, 100–17.

On July 8, 2015, the Court sentenced Lopez-Cabrera to 10 concurrent sentences of life imprisonment and other lesser terms of imprisonment to run concurrently with those sentences, to be followed by mandatory consecutive sentences on the firearms counts totaling 300 months' imprisonment. Dkt. 1743. Before sentencing, the Court had denied a motion by Lopez-Cabrera and his codefendants to hold the mandatory-life provision of the murder in aid of racketeering statute, 18 U.S.C. § 1959(a), unconstitutional as applied to defendants who committed murders between ages 18 and 22. See United States v. Lopez-Cabrera, No. 11 Cr. 1032 (PAE), 2015 WL 3880503, at *1 (S.D.N.Y. June 23, 2015). On August 1, 2019, the Second Circuit affirmed the convictions of Lopez-Cabrera and his codefendants in their entirety. See United States v. Sierra, 933 F.3d 95 (2d Cir. 2019) (published opinion resolving constitutional challenge to § 1959(a)); United States v. Sierra, 782 F. App'x 16 (2d Cir. 2019) (accompanying summary order resolving other challenges).

On August 26, 2021, Lopez filed the Petition. It identifies four grounds for relief. These are that (1) "[c]ounsel was ineffective [p]retrial," Petition at 4; (2) "[t]rial counsel was [i]neffective," id. at 5; (3) "[a]ppellate [c]ounsel was [i]neffective," id. at 6; and (4) "[p]etitioners['] offense[s] are not crimes of violence for the purposes of the force clause 924(c)(3)(A)," id. at 8. Lopez did not elaborate on his bases for claiming ineffectiveness of

counsel, save to cite *Strickland v. Washington*, 466 U.S. 668 (1984).  The Petition adds: "Memorandum of Law & facts forthcoming." *Id.* at 8, 10.  In an accompanying letter, Lopez-Cabrera asked for time to gain access to his legal material, noting that access to the prison law library was difficult given "modified operations in light of COVID-19." *Id*. at 13.

In an order issued on September 22, 2021, the Court directed the Government to respond to the Petition within 60 days, and gave Lopez-Cabrera 30 days thereafter to respond.  Dkt. 2638.  On November 22, 2021, the Government submitted its opposition.  Dkt. 2650.  In a letter dated December 23, 2021 and docketed on January 5, 2022, Lopez-Cabrera sought 60 days to respond and "to explain and substantiate my claims."  Dkt. 2653.  The following day, the Government, in response to an order from the Court, *id.*, confirmed that it did not oppose Lopez-Cabrera's request, Dkt. 2654.

During the next 11 months, Lopez-Cabrera did not make any filing in support of his § 2255 Petition.  On December 6, 2022, the Court, noting the absence of any further filings, *sua sponte* directed Lopez-Cabrera "to file any memorandum of law explaining and substantiating his claims by February 6, 2023," and gave the Government two weeks thereafter to reply.  Dkt. 2674.  As of the date of this order, Lopez-Cabrera has not filed anything in response.

In light of Lopez-Cabrera's longstanding failure to amplify on the bare-bones claims in his Petition, the Court reviews the Petition as is, and denies it as meritless.  *See, e.g.*, *United States v. Echevarria,* No. 18 Civ. 44 (PAE), 2018 WL 4935885, at *2 (S.D.N.Y. Oct. 11, 2018) (denying petition under § 2255 with a single "frivolous" claim); *Urena v. United States*, No. 11 Cr. 1032-4 (PAE), 2021 WL 5827044, at *1 (S.D.N.Y. Dec. 7, 2021) (denying petition by codefendant of Lopez-Cabrera under § 2255 that contained "legally baseless" arguments); *Rodriguez v. United States*, No. 15 Cr. 445-2 (PAE), 2020 WL 8768320, at *1 (S.D.N.Y. Aug.

18, 2020) (denying petition under § 2255 with two underdeveloped arguments and stating that "neither [is] meritorious"). The Court nonetheless makes brief comments on each claim.

To the extent the Petition raises claims of ineffective assistance of counsel, Lopez-Cabrera has failed to carry his burden under *Strickland* to show that his counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms." *Strickland*, 466 U.S. at 687–88. Lopez-Cabrera has not identified any particular lapse by counsel at any stage—pretrial, at trial, at sentencing, or on appeal. Based on the Court's close attention to this case at all phases, the Court is unaware of any consequential lapse. Quite the contrary, trial counsel was energetic and highly capable.

Nor has Lopez-Cabrera met his burden of affirmatively proving prejudice from such a lapse, to wit, that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Although such an assessment, by definition, cannot be usefully undertaken where the defendant has not identified any error by counsel, it is noteworthy that the evidence at trial of Lopez-Cabrera's guilt was overwhelming. It included cooperating witness testimony from numerous members and associates of the BTG, extensive forensic proof including memorable video footage of Lopez-Cabrera chasing two of his victims and running from the scene of his fatal shooting of them, and lay civilian testimony, including testimony from Lopez-Cabrera's then-girlfriend who accompanied Lopez-Cabrera and a codefendant as the codefendant armed himself for and traveled to the site of a retaliatory killing.

To the extent the Petition appears to suggest that Lopez-Cabrera's five convictions for discharge of a firearm in furtherance of a crime of violence were not a predicated on a "crime of violence" within the meaning of 18 U.S.C. § 924(c), such an argument is without merit. As the Government explains, four of those counts identified the underlying crime of violence as murder

4

in aid of racketeering activity, and the fifth identified the underlying crime of violence as assault and attempted murder in aid of racketeering activity. Under settled Second Circuit law, these offenses constitute crimes of violence. *See, e.g.*, *Moore v. United States*, No. 16-3715-PR, 2021 WL 5264270, at *2 (2d Cir. Nov. 12, 2021) (intentional murder in aid of racketeering constitutes a "crime of violence" for purposes of Section 924(c)(3)(A)); *United States v. Varona*, Nos. 95 Cr. 1027 (PAC), No. 16 Civ. 4664 (PAC), 2021 WL 2873793, at *1 (S.D.N.Y. July 8, 2021) (same); *United States v. Santos*, Nos. 96 Cr. 126 (JFK), 16 Civ. 4520 (JFK), 2021 WL 4461158, at *3 (S.D.N.Y. Sept. 29, 2021) ("[M]urder is a 'crime of violence' within the meaning of § 924(c)(3)(A).").

Under the circumstances here, it is appropriate to deny the Petition without a hearing. The filing of a § 2255 petition does not obligate a court a conduct an evidentiary hearing. 28 U.S.C. § 2255(b); *Newfield v. United States*, 565 F.2d 203, 207 (2d Cir. 1977); *see also Cuevas v. United States*, No. 10 Civ. 5959 (PAE) (GWG), 2013 WL 655082, at *2 (S.D.N.Y. Feb. 22, 2013). And the Petition here does not identify any issue of fact, let alone a controverted issue of consequential fact of the sort that an evidentiary hearing would assist the Court to resolve. *See Echevarria*, 2018 WL 4935885, at *2.

The Court, finally, denies Lopez-Cabrera's request in the Petition for appointment of counsel. There is no freestanding right to appointment of counsel in connection with a § 2255 Petition. *See, e.g.*, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). And Lopez-Cabrera's bare-bones Petition did not identify any colorable claim for relief so as to justify drawing upon the limited resources of this District's Criminal Justice Act panel. *Brito v. Burge*, No. 04 Civ. 1815 (LTS) (RLE), 2005 WL 1837954, at *1 (S.D.N.Y. Aug. 3, 2005) ("If the petitioner's claims

may fairly be heard on written submissions, the appointment of counsel is not warranted, and such applications should ordinarily be denied.").

## CONCLUSION

The Court accordingly dismisses Lopez-Cabrera's Petition. The Court declines to issue a certificate of appealability, and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of Court is respectfully directed to terminate the motion pending at docket number 2637 in 11 Cr. 1032-14 (PAE); to close the corresponding civil case, 21 Civ. 7804 (PAE); and to mail a copy of this decision to Lopez-Cabrera.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: March 23, 2023
       New York, New York